DORE, Judge.
This case arises out of a collision between a 1940 Chrysler coach automobile owned and being driven by the plaintiff, and a 1942 two-door DeSoto automobile owned and being driven by Charles N. Dye, defendant, and which collision occurred on September 28, 1945, at about 4.00 o’clock in the afternoon, at or near the extension of Florida Street and Jasmine Boulevard, just east of the city limits of the City of Baton Rouge. Florida Street is a four-lane highway, running east and west, with a neutral ground in the center and two lanes of travel on the south side and two lanes on the north side. Just prior to the accident, the defendant had been traveling east on Florida Street, on the south side thereof, and the plaintiff had been traveling west on Florida Street, on the north side thereof. When defendant arrived at Jasmine Boulevard, he turned left at a passage afforded for vehicles desiring to turn from the south lane of said highway into the north lane, and thereupon proceeded to the north lane, and he was run into by plaintiff, who as the petitioner, alleges that the collision was due solely to the negligence of the defendant, particularly in the following respects:
“1st: In making a left turn without ascertaining that the same could be made safely, without endangering approaching traffic.
“2nd: In making a left turn at a time when petitioner was approaching from the opposite direction in plain view and driving *229 directly in the front of petitioner’s automobile as heretofore shown.
“3rd: In not keeping- a proper lookout.”
As a result of the accident, plaintiff alleges that he sustained damages to his automobile and personal injuries necessitating medical expense, causing loss of time and pain and suffering, totaling $7,377.26. For that amount of damages, he sues the defendant, Charles N. Dye, and his alleged insurer, The Indemnity Insurance Company of North America.
The insurer filed an exception based on the grounds that the alleged policy of insurance had been cancelled on May 23, 1945, prior to the date of the accident, and in the alternative, that if it should be found that the policy had not been cancelled, that since the first notice of the accident was under date of June 6, 1946, received on June 7, or June 8, 1946, the conditions of the policy were not fulfilled, and therefore, no action against the insurer properly could be taken.
Reserving its rights under the exception filed, the defendant insurer filed an answer setting forth, the same averments contained in the exception, and setting forth further, in the alternative, in the event that the policy of insurance should be found to be in full force and effect at the time of the accident, that the plaintiff was guilty of negligence contributing to the accident, and that said contributory negligence bars the plaintiff from any recovery. .
Defendant Dye, in his answer, makes the same allegations of contributory negligence as set forth in his insurer’s answer, particularly as follows:
“(a) Plaintiff was driving at a grossly excessive and dangerous and reckless rate of speed which amounted to negligence on his part which was the proximate cause of said accident.
“(b) Plaintiff was not keeping and did not keep a proper lookout and failed to heed the Dye automobile properly stopped at or near the intersection which amounted to negligence on the part of plaintiff which was the proximate cause of said accident.
“(c) Plaintiff was guilty of negligence in steering to the left side of the road and running squarely into the defendant’s automobile at a time when it was properly parked or stopped and at a time when there was ample room for plaintiff to have remained on the paved highway and to have avoided striking the defendant’s automobile which amounted to negligence on the part of plaintiff which was the proximate cause of- said accident.
“(d) Plaintiff was guilty of negligence in failing to slacken the speed of his automobile when he saw or should have seen the car backing out from Sam’s Seafood Place, which amounted to negligence on the part of plaintiff which was a proximate cause of said accident.
“(e) Plaintiff was guilty of negligence, carelessness and reckless driving in connection with the accident sued on.”
After trial of the case, the district judge came to the conclusion that the plaintiff was guilty of contributory negligence which was a proximate cause of the accident, and, consequently, he dismissed plaintiff’s suit at his cost. Plaintiff has appealed, praying for judgment as originally asked for. Defendant insurer has filed a motion to dismiss the appeal on the ground that the appeal refers to a judgment granted on December 13, 1948, when as a matter of fact, the judgment was filed on December 16, 1948. Defendant insurer has also filed an answer to the appeal, praying that the judgment below be affirmed on the ground on which it was based by the district judge.
In so far as the motion to dismiss the appeal on the ground that there was no final judgment on December 13, 1948, but that on that date the written reasons for judgment were filed and the final judgment was not signed until December 16, 1948, we are of the opinion that there is no merit to the motion based on the technicality that the appeal was taken from the judgment as having been rendered on December. 13th. There is no question that the only judgment appealed from is the particular judgment rendered in this proceeding and the mere-mistake made in the petition for appeal, the citation of appeal and the -order granting the appeal as to the correct date of the *230 judgment is not prejudicial to any of the parties involved in this proceeding. The modern trend of our jurisprudence is to favor appeals. The motion to dismiss is overruled.
The case merely involves a question of fact, and it is fundamental that unless we can find manifest error in the conclusion of the trial judge on this question of fact, his judgment should be affirmed. As brought out in his written reasons for judgment, the only eye witnesses to the accident were plaintiff Baker and defendant Dye, and their versions as to how it happened do not agree. The defendant, Dye, states that when he reached Jasmine Boulevard he made a very slow turn into the passageway -across the neutral ground, and that upon perceiving the plaintiff approaching from the east, on the north lane of Florida Street, at a distance approximated at 300 feet, he stopped his car, after having entered the south lane of the north side of Florida Street, about two feet. He further testified that while his car was so stopped, the plaintiff skidded his car some 75 feet, and that finally, the right front fender and grill of the plaintiff’s car came in contact with the right front fender and right side of defendant’s car back to the door of his said two-door car. Defendant states that there was ample room for the plaintiff to have proceeded westerly on Florida Street as he had emerged two feet into the south lane of the north double lane of said highway. It is shown that the neutral ground between the south side and north side of Florida Street at the situs of the accident was 15 feet wide and that the defendant entered this neutral ground while traveling very slowly and was clearly seen by the plaintiff some 250 or 300 feet away. There is no definite testimony as to the width of the two lanes on the north side, but it appears that the two lanes were about 10 feet each, or twenty (20) feet altogether, which, according to defendant’s testimony, would have left 18 feet for plaintiff to pass him.
. The plaintiff, on the other hand, testifies that he noticed defendant when he turned to his left, at which time he was some 250 feet east of the point of contact. He testified that he was traveling at approximately 35 miles per hour; that he didn’t slacken his speed as he felt that defendant would not enter the north double lane of the highway without stopping; that when he noticed that the defendant would not stop, he applied his brakes and skidded some 59 feet; that the pavement was slick from a previous shower; that he struck the defendant at a point approximately 8 feet north of the south curb of the north double lane, and that the impact pushed defendant’s car back so that when the vehicles came to rest, the front of defendant’s car extended about 2 feet into the south lane of the north double lane. Plaintiff further testified that from the corner of his eye he saw something moving out from Sam’s Seafood House, which is a restuarant located on the north side of the highway where the accident occurred, and it was for that reason that he decided to attempt to proceed around the rear of defendant’s car, thinking that defendant would “shift and get away”.
It was further shown that the plaintiff moved his car before any traffic policeman arrived at the scene and parked it on the curb of the north lane on the north side of Florida Street. We therefore do not have any evidence as to the location of his automobile after the collision except his own testimony, which is to the effect that his car, after the collision, had its front heading southwest and its rear in the north lane of the north side of Florida Street in such manner as to block traffic on said north lane. His testimony does not sound logical for the reason that it is dear that- he collided with the Dye car and it is difficult to understand how he could have pushed the Dye car within 2 feet of the curb on the south lane and ended up in the north lane as he states. In so far as the .object which plaintiff states that he thought he saw at Sam’s Seafood Restaurant, there is no evidence whatsoever that any object was present at the time of the accident. The trial judge states:
“I am not unmindful of the extra care and" caution which the law-prescribes that a motorist should exercise when making a left turn — especially into a busy aitery such as Florida Street is. However, in my *231 opinion if the plaintiff had exercised proper care he could easily have avoided this accident by bringing his car under control and proceeding on the north lane of the north double lane of traffic. According to his own testimony, as a fact, there was nothing to obstruct his passage — though he thought he saw a moving vehicle out of the corner of his eye. This is not a case where the defendant made a sudden turn into the highway, for both parties testified that defendant was proceeding very slowly prior to the accident.”
On that statement he reaches the conclusion that plaintiff was guilty of contributory negligence which prevented his recovery, and we cannot see whereby that conclusion is in any way erroneous. To the contrary, we fully agree with the conclusion of the trial judge.
For these reasons, the judgment appealed from is affirmed.